UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCO LAURETI

      Petitioner,

v.                                                  Case No. 4:23cv435/MW/MAL

WARDEN, FCI-MIAMI, et al.

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a narrative Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the Southern District of Florida on September 20, 2023. ECF No. 1. In the petition, he seeks to challenge his case manager's alleged "coercion into illegally modifying Petitioner's Court ordered criminal monetary penalty's scheduled payment plan from $25 per quarter to $100 per month."[1] *Id.* at 1. Petitioner also filed an emergency motion for an injunction trying to prevent his transfer from the Federal Prison Camp in Miami to an institution in McCreary, Kentucky, claiming the transfer was in retaliation for his filing the instant petition. ECF No. 6. The Southern District denied Petitioner's emergency motion for injunction and transferred the case to this Court due to Petitioner's (temporary)

---

[1] Petitioner reports that in addition to a term of imprisonment, he was ordered to pay a special monetary assessment of $800 and $8,316,135 in restitution. ECF No. 1 at 1.

1

incarceration at the Federal Correctional Institution in Tallahassee, Florida. ECF No. 7.

On October 4, 2023, I entered an order directing Petitioner to file an amended petition on the proper court form and to either remit the $5.00 filing fee or file a properly completed in forma pauperis application with supporting documentation. ECF No. 10. The Clerk sent Petitioner the appropriate forms and Petitioner was afforded until November 6, 2023, to comply. Petitioner did not respond.

The Bureau of Prisons website now reflects Petitioner has been transferred to McCreary, Kentucky, the destination mentioned in his emergency motion for injunction. *See* https://www.bop.gov/inmateloc/. This Court has no connection to the institution where the dispute arose and no jurisdiction over Petitioner's current custodian. Therefore, this is not the proper forum for adjudication of Petitioner's claims or even for deciding whether they are properly brought under 28 U.S.C. § 2241.

"Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition." *United States v. Saldana*, 273 F. App'x 845, 846 (11th Cir. 2008) (holding that because none of the petitioners were confined in the Southern District of Florida, that "district court lacked jurisdiction to consider their § 2241 petitions."). Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because the record contains no indication whether Petitioner received any of the orders from either the Southern District or this Court before his transfer to Kentucky,[2] the interest of justice favors transfer rather than dismissal of this case.

Accordingly, it is ORDERED:

The Clerk shall send a copy of this Order to Petitioner at his new address: USP McCreary, U.S. Penitentiary, Satellite Camp, P.O. Box, 3000, Pine Knot, KY 42635. The Clerk shall also amend the docket to reflect this address.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The petition for writ of habeas corpus (ECF No. 1) be TRANSFERRED to the United States District Court for the Eastern District of Kentucky.

2.    The clerk be directed to close the file.

At Gainesville Florida on November 13, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

---

[2] This Court's order has not been returned as undeliverable.

3

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.